EMMA A. JENKS *vs.* MASON A. WALTON.

*Deed. Entry for condition broken. Practice.*

A grantor in a conditional deed went upon the locus for condition broken with two witnesses; and there notified the grantee that she should take possession of the land because he had broken the condition in the deed: *held,* that those acts were a sufficient entry to revest the estate in her.

A court at law will not upon motion stay proceedings in a suit (where a forfeiture is sought to be exacted), in order to let in an alleged equitable defence when there is nothing before the court to show whether the motion is a meritorious one or not.

ON EXCEPTIONS.

PETITION FOR PARTITION. The petitioner asks to have set off to her one-half of lot number ten on the west side of the Bennock road in the town of Alton, particularly described in her petition owned by her, and previously undivided and occupied in common with the proprietor of the other half, but which she now desired to possess in severalty. The respondent claimed to be sole seized of the whole lot.

To sustain her title the petitioner introduced a deed of said lot, given May 9, 1868, to herself and the respondent from Sarah Walton and testified that she had occupied the premises under that conveyance. The respondent introduced a deed from the petitioner to him of an undivided half of the lot dated December 5, 1868, containing a condition that he should support and maintain Sarah Walton in a suitable manner during her life, &c., and "reserving to said Emma A. Jenks the right to enter on said premises if the foregoing condition is broken." Mrs. Jenks claimed that there had been a breach of this condition, in that there was a neglect and refusal to support Mrs. Walton from May 1872, till after the commencement of these proceedings and that she (the petitioner) had entered to regain the estate for condition broken by going upon the premises with two witnesses December 14, 1873, and there notifying Mr. Walton that she should take possession of the land because he had broken the condition of the

deed.   She did not profess to recollect the exact language used by her on that occasion and the respondent testified that she came with two persons to his door one night and told him she had come to notify him that she was going to have the farm divided ; that he asked her, "on what grounds ?" and she replied that it was on the ground that he had neglected to support their mother (Mrs. Sarah Walton) according to the contract, that he then said he had not forfeited the contract, was then and always had been willing to support their mother and that she (Mrs. Sarah Walton) could come to his house at any time.   His counsel thereupon requested the presiding judge to instruct the jury that these acts and declarations of Mrs. Jenks were not sufficient in law to revest the estate in her, so as to enable her to maintain this process, which instruction was refused, and the jury were told that if they found the condition had then in fact been broken, what was done by the petitioner was sufficient to revest the estate in her so that she could maintain this proceeding.

The respondent offered to prove that he paid a valuable consideration, beside the obligation to support, for Mrs. Jenks's deed to him; but upon her objection this testimony was excluded.

A motion was made to dismiss this petition on the ground that a writ of entry was the proper resort in such cases but it was overruled.   The petitioner had a verdict, subsequently to which the respondent filed a motion that an auditor might be appointed to determine what sum ought to be paid for the support of Sarah A. Walton, and that upon payment of the same with costs, these proceedings be stayed.   This motion was also overruled.

To these several rulings the respondent excepted.

*J. H. Hilliard* for the respondent.

The entry was insufficient to revest the estate.   Mrs. Jenks said she was going to have the farm divided.   This was *alio intuitu.   Robison* v. *Swett*, 3 Maine, 316.   Partition not the suitable method of ascertaining whether or not there has been a forfeiture.   *Lincoln Bank* v. *Drummond*, 5 Mass., 321.

Mr. Walton should have been permitted to redeem.   *Stone* v.

*Ellis*, 9 Cush., 95; *Atkins* v. *Chilson*, 11 Metc., 112; *Sanders* v. *Pope*, 12 Vesey, Jr., 293; *Baxter* v. *Lansing*, 7 Paige, 353; *Steel* v. *Steel*, 4 Allen, 417; *Gibson* v. *Taylor*, 6 Gray, 310.

*F. M. Laughton* for the petitioner.

No entry necessary to entitle one to the right to a division. R. S., c. 88, §§ 1 and 2. *Wells* v. *Prince*, 9 Mass., 508; *Barnard* v. *Pope*, 14 Mass., 434; *Baylies* v. *Bussey*, 5 Maine, 157. But if necessary the one made was sufficient. Co. Lit., 49, b., and 255, b. *Richards* v. *Folsom*, 11 Maine, 70.

Being again a tenant in common (after the entry) Mrs. Jenks was entitled to have the land divided. *Leadbetter* v. *Gash*, 8 Iredell, 462; *Wood* v. *Little*, 35 Maine, 107. Writ of entry not proper in such a case as this. *Cutts* v. *King*, 5 Maine, 482; *Colburn* v. *Mason*, 25 Maine, 434. The motion after verdict though appropriate (if seasonably made) in a suit upon a mortgage, has no propriety in these proceedings. *Frost* v. *Butler*, 7 Maine, 231.

PETERS, J. The petitioner claims that the premises are forfeited to her for the non-performance of a condition subsequent, contained in a deed from her to the respondent. A question arises whether she made a sufficient entry upon the land to entitle her to the benefit of the forfeiture.

Her counsel contends that this inquiry is not necessary, because the right of partition is conferred upon any petitioner who has only "a right of entry" into lands. R. S., c. 88, §§ 1 and 2. But this provision refers to one having the title and not the possession of land, and not to one whose title is conditional upon the fact of entry. Without an entry to recover the locus, the petitioner has neither possession or title.

What constitutes an entry for condition broken? It is deducible from the authorities that it must be an act. An intention to make an entry is not enough. The right to make it, so long as it is postponed, is considered for the time being as waived. A mere entry upon the land is not enough. The entry must be for the

purpose of taking the land back. The *factum* and the *animus* must concur in order to make the entry available. A mere casual or accidental presence upon the land would not operate to do it. The intention must be sufficiently shown either by the act itself or by words accompanying the act. Therefore it has been customary to take witnesses upon the land and personally express the intention in their presence. It is not necessary to turn the grantee off the premises. Nor to take possession in his presence. Nor to give an actual notice to him. Still the act itself must be of such a character as would serve to indicate to the person in possession that his right to the locus was regarded as terminated. It is not necessary that the grantor should make an entry even, if being in possession he remains in with the intent to hold the property for forfeiture, but in such case there must be some clear manifestation of such intent. *Robison* v. *Swett*, 3 Maine, 316 ; *Peabody* v. *Hewett*, 52 Maine, 33 ; *Brickett* v. *Spofford*, 14 Gray, 514 ; *Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass., 80. See Washburn on Real Property, Titles, Estates on Condition and Possession.

Applying the evidence to these rules, and the testimony of the petitioner must be regarded as showing a sufficient entry to revest the title of the estate in her. She says that she made an entry upon the locus for condition broken with witnesses and notified the respondent on the premises that she should take possession of the land, because he had broken the condition in the deed.

After verdict the respondent moved that an auditor be appointed by the court to ascertain what sum of money would be sufficient to relieve the forfeiture, in order that, upon the payment of such sum, further proceedings in the suit might be stayed. This request was denied and an exception taken thereto. Most of the cases cited in support of this motion would be applicable if this was a real action to foreclose a mortgage given by the respondent, instead of his being the grantee in a conditional deed. Probably a common law court has the power to grant such a motion if deemed proper to do so. *Atkins* v. *Chilson*, 11 Metc., 112.

A sufficient answer in the present case, is that there is no evidence of any kind before us which would show whether the motion is a meritorious one or not. There is nothing to indicate but that the breaches of condition were of a gross, wilful or inequitable character. The respondent can best judge whether the circumstances were such as would warrant his attempt to obtain a relief from the forfeiture by future proceedings in equity. No remedy is open to him here. *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.